IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| SHELBY STEWART KENNETH PERKINS, ADRIAN WRIGHT AND RAUL COLLINS | § § § § | |
| :---: | :---: | :--- |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | Jury Demanded |
| CITY OF HOUSTON POLICE DEPARTMENT CITY OF HOUSTON and CHIEF HAROLD HURT | § § § | |
| Defendants. | § | |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

   Plaintiff asks the court to deny defendant's motion to dismiss for failure to state a claim.

A.  Introduction

   1.   Plaintiffs' names are Shelby Stewart, Kenneth Perkins, Adrian Wright, Raul Collins; defendants' names are is City of Houston Police Department, City of Houston, and Chief Harold Hurt.

2. Plaintiff sued defendant for racial discrimination.

3. Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted.

4. Plaintiff files this response asking the court to deny defendant's motion.

### B.  Argument

5. When considering defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to plaintiff.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996).  Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion.  *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984).  If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion.

6. In this case, plaintiff alleged a cause of action under Title 42 U.S.C.A. Section 2000e et. seq. and 42 U.S.C.A. Section 1981 as amended by the Civil Rights Act of 1991, and Rehabilitation Act of 1973, § 504,  29 U.S.C.A. § 794, to correct unlawful employment practices on the basis of race and color. Defendants allege that it is necessary to specifically allege that plaintiffs' received the "Letter of Right to Sue" however, Plaintiffs' have alleged that all conditions precedent to the filing of the suit had been met, which would include the "Letter of Right to Sue". Should the court find that this specific allegation is necessary, Plaintiffs' request the opportunity to amend their pleadings.

7. Plaintiff alleged that defendant on or about March 2005, the Houston Police Department issued General Order 300-15, requiring all officers be clean-shaven, namely, the Houston Police Department issued a strict "no-beard" policy. This policy stated that all officers were to be clean-shaven enabling them to wear gas masks that were to be issued as part of emergency response. The strict no-beard policy was established in connection with officers' duties as first responders to CBRN attacks. All officers who did not adhere to this policy were to be removed from uniform patrol duties and restricted from working uniformed extra jobs. Exceptions were temporarily made allowing for officers suffering from PFB to secure medical attention and documentation. Thereafter, officers who were not in compliance with General Order 300-15 were to be restricted from uniform duty. All plaintiffs sought the required medical attention, and it was determined that this was a permanent condition that plaintiffs suffered from.

8. Plaintiffs assert that, contrary to defendant's contentions in General Order 300-15, the gas masks can be worn with facial hair. Plaintiffs have all taken the gas mask test successfully demonstrating that facial hair does not present a safety risk. Nevertheless, plaintiffs were subjected to the strictures of General Order 300-15, and subsequently ordered out of uniform. As a result, plaintiffs have been unable to work extra jobs which are customary for all law enforcement officers. Additionally, plaintiffs are ineligible for any work assignments or promotional opportunities that require the wearing of police uniforms.

9. Defendants assert that Plaintiffs' must allege that the discrimination b the City must be as a result of the "custom or policy" test. Plaintiffs have assert that General Order 300-15 (a policy) is discriminatory in nature, and has a disparate impact on them

which is in direct contrivance to federal law. Thus Plaintiffs' have alleged facts necessary to prove each element of their cause of action.

### C.  Conclusion

10.  Because plaintiff's factual allegations support a claim upon which relief can be granted, the court should deny defendant's motion and retain the case on the court's docket. In the alternative, if the court determines plaintiff has failed to state a claim, plaintiff asks the court to grant leave to amend the complaint.

Respectfully submitted,

/s/ WARREN FITZGERALD, JR.
State Bar No. 07089500
Attorneys at Law
6415 W. Montgomery
Houston, Texas 77091
(713) 692-4688
(713) 692-4689 Fax
 Email: warren.fitzlaw@gmail.com
Athill Muhammad
State Bar No.
1000 The Houston Building
2323 Caroline Street
Houston, Texas 77004
Email: amuhammadlaw@aol.com