IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHELBY STEWART | § | |
| KENNETH PERKINS | § | |
| ADRIAN WRIGHT, and | § | |
| RAUL COLLINS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-4021 |
| | § | |
| CITY OF HOUSTON, and | § | |
| CITY OF HOUSTON CHIEF OF | § | |
| POLICE HAROLD HURTT, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION ON
MOTION TO INTERVENE BY WISLEY EPPS**

This matter was referred by United States District Judge Lee H. Rosenthal, for full pre-trial management, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket Entry #6). Wisley Epps has filed a motion to intervene as a matter of right under FED. R. CIV. PRO. 24(a)(2). (Wisley Epps's Motion to Intervene ["Epps' Motion," the "motion to intervene"] at 1, Docket Entry #19). Defendants have filed a response in opposition, arguing that the motion is untimely. (Defendants' Response in Opposition to Wisley Epps's Motion to Intervene ["Defendants' Response"] at 1, Docket Entry # 20).  To the extent that an intervention may be considered a dispositive issue, and after a review of the motions, the evidence provided, and the applicable law, it is **RECOMMENDED** that Epps' Motion be **GRANTED**.

**BACKGROUND**

Plaintiffs, all of whom are African American police officers for the city of Houston, have brought claims under 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1983, and under state law for alleged racial discrimination by Defendants, the City of Houston and Chief of Police Harold Hurtt. (Plaintiffs' Second Amended Complaint and Jury Demand ["Second

Amended Complaint"] at 2, Docket Entry #17). In this suit, Plaintiffs challenge an official policy which requires all police officers to be clean shaven. Plaintiffs argue that this policy has a disparate impact on them because of their race. (*Id*.at 3-4). They claim that, due to a shared medical condition that inhibits their ability to shave, this policy limits them to non-uniformed positions with little capacity for career growth. (*Id*.). They seek individual damages and injunctive relief. (*Id*. at 14). Defendants contend that Plaintiffs have not stated actionable claims, and argue that any disparate impact is the result of legitimate, nondiscriminatory business reasons. (Defendants' Answer and Affirmative Defenses to Plaintiffs Second Amended Complaint ["Defendants' Answer"], Docket Entry #18). Plaintiffs filed their first complaint against Defendants on November 27, 2007, and have since amended it twice. (Docket Entry #1; Plaintiffs' First Amended Complaint and Jury Demand, Docket Entry #4; Second Amended Complaint). A "Scheduling and Docket Control Order" has been entered with a discovery deadline of April 24, 2009. (Scheduling and Docket Control Order, Docket Entry #16).

On October 29, 2007, Wisley Epps, another African American police officer, filed a complaint with the Equal Employment Opportunity Commission (EEOC), challenging the same grooming policy, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000E, et. seq. (Ex. B to Defendants' Response: Epps' Charge of Discrimination with the EEOC). Epps received a right-to-sue letter from the EEOC on February 14, 2008, but he never filed a lawsuit. (Ex. A to Defendants' Response: Letter from Grace Chung Becker to Wisley Epps (Feb. 14, 2008)). Seven months later, on September 26, 2008, Epps' filed his motion to intervene in this litigation, as a matter of right, under Rule 24(a)(2) of the Federal Rules of Civil Procedure. (Epps' Motion). The motion includes a Complaint in Intervention that adopts identical language and raises the same claims, under §1981, and §1983, as those set out in Plaintiffs' Second Amended Complaint. (*Id*.). Epps argues that he is entitled to intervene as a matter of right because his motion is timely, he has

2

a substantial legal interest in the matter, his interest may be impaired without intervention, and his interest is not adequately protected by the current parties. (*Id.*). Defendants argue that Epps' Motion is untimely because it comes more than 90 days after he received his right-to-sue letter from the EEOC. (Defendants' Response at 2). After a review of the motions, the evidence provided, and the applicable law, it is **RECOMMENDED** that Epps' Motion be **GRANTED**.

## DISCUSSION

Epps' motion is governed by Rule 24(a)(2) by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 24(a)(2). (Epps motion at 1). That rule states that

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Under Rule 24(a)(2), a party is entitled to intervene in a pending lawsuit if (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case in which he seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect his interest; and (4) the existing parties do not adequately represent the potential intervenor's interest. *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001). Intervention is intended to prevent multiple lawsuits if common questions of law or fact are involved. It is not, however, intended to allow entirely new lawsuits by intervenors. *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994). It is well established that an intervention should generally be granted if no one would be prejudiced and if greater justice would be attained. *Ross v. Marshall*, 426 F.3d. 745, 753 (5th Cir. 2005).

The timeliness of a motion to intervene is a matter committed to the sound discretion of the trial court. *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1071 (5th Cir. 1970). Courts generally

consider four factors in determining whether a motion to intervene is timely: (1) the length of time the applicant knew or should have known of his interest in the case; (2) prejudice to existing parties caused by the applicant's delay; (3) prejudice to the applicant if his motion is denied; and (4) any unusual circumstances. *U.S. v. Covington County School Dist.*, 499 F.3d 464, 466 (5th Cir. 2007). Further, courts should be more lenient if the would-be intervenor qualifies for intervention as a matter of right, than if he qualifies for permissive intervention only. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 266 (5th Cir. 1977). "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). It appears then that the most important consideration in determining timeliness is whether any existing party to the litigation will be harmed or prejudiced by the proposed intervenor's delay in moving to make his claims. *McDonald*, 430 F.2d. at 1073.

But in determining whether an application to intervene is timely, the relevant question is the intervenor's delay in seeking to join the litigation after he learns of his interest, not the timeliness of his action under administrative or other guidelines. *Ford*, 242 F.3d at 240. Here, Defendants argue that Epps' Motion is untimely because he has not complied with the applicable administrative timelines under Title VII before bringing his suit. In essence, Defendants point to the futility of a Title VII Claim for that reason. (Defendants' Response at 2). Clearly, however, Epps seeks intervention not to lodge Title VII claims, but to raise claims under §1981, §1983, and the state law. (Epps' Motion). Claims under §1981 and §1983 do not require exhaustion of administrative remedies, and do not require a court filing within 90 days of receiving a right to sue letter from the EEOC. *See Jones v. Robinson Property Group, L.P.*, 427 F.3d. 987, 992 (5th Cir. 2005)(§1981); *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1573 (5th Cir. 1989)(§1983). Moreover, even had Epps limited his claims to Title VII, Defendants' arguments go to the

4

underlying merits and do not show that Epps' motion *itself* was untimely. Except for those claims that are frivolous on their face, a motion to intervene cannot be resolved by reference to the ultimate merits of the claim that the intervenor wishes to assert. *Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F3d 1080, 1081 (8th Cir. 1999); *Oneida Indian Nation v. State of New York*, 732 F2d 261, 265 (2nd Cir. 1984).

Further, Defendants present no argument for how they might be prejudiced by the delay in intervention and no evidence of potential prejudice appears clear from the pleadings. (*See generally* Defendants' Response). There has been no showing of prejudice if the motion to intervene is granted and there do not appear to be any unusual circumstances favoring Plaintiff's opposition to the intervention. Given the leniency with which courts are to address motions to intervene under Rule 24(a)(2), and considering that Defendants have shown no prejudice from the delay in intervention, Epps' motion is timely under the circumstances.

A potential intervenor asserts a related interest if he has a direct, substantial, and legally protectable interest in the property or transaction that forms the basis of the underlying case. *John Doe No. 1 v. Glickman*, 256 F.3d 371, 379 (5th Cir. 2001). And, in examining this factor, the Fifth Circuit has warned against defining "property or transaction" too narrowly. *Ford*, 242 F.3d at 240. "[T]he interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process," *Espy,* 18 F.3d at 1207 (internal quotations and citations omitted). Here, Epps raises the same claims to challenge the allegedly discriminatory grooming policy that Plaintiffs have identified in their Second Amended Complaint. (Epps' Motion; Second Amended Complaint). As such, Epps' interest is related to the transactions in controversy in the underlying suit.

Whether a would be intervenor is able to protect his interests outside the underlying suit is likewise governed by a liberal, practical standard. *Edwards v. City of Houston*, 78 F.3d 983, 1005-

5

1006 (5th Cir. 1996). The Fifth Circuit has held that the effect of a potentially adverse judgment constitutes a sufficient impairment to compel intervention under Rule 24 (a)(2). *Espy,* 18 F.3d at 1207.  Again, Epps' motion asserts the same injuries which arise out of the allegedly discriminatory actions that Plaintiffs complain of in this litigation. (Epps' Motion; Second Amended Complaint). If Epps' Motion is denied, a ruling for Defendants could be relied upon to his detriment in an independent suit.  For that reason, to deny an intervention in the present litigation  may, as a practical matter, impair or impede Epps' interests. *See Sierra Club v. Glickman*, 82 F.3d 106, 109-110 (5th Cir. 1996).

Finally, a potential intervenor has the burden to prove that the existing parties do not adequately represent his interests. *Espy*, 18 F.3d at 1207. This burden, however, is "minimal." *Id*. "The potential intervenor need only show that the representation *may be* inadequate." *Id*. (emphasis added) (internal quotation omitted). Although Epps hopes to raise similar claims, arising out of similar facts, he does so to secure his own damages. (Epps' Motion at 2). This case is not a class action and the present Plaintiffs have filed suit to secure their own individual damages. (Second Amended Complaint at 12-13). The court is persuaded that Epps' interest is not adequately represented by the current parties.

This case is roughly ten  months old, and although Epps does not explain his delay in moving to intervene, Defendants do not present any evidence to show when he knew or should have known of this litigation.  In sum, the court is satisfied that Epps' Motion was timely filed, that he has demonstrated that he has an interest substantially related to this case, that his ability to protect that interest will be impaired without intervention, and that his interest is not adequately represented by the original parties. His claims involve identical questions of law and fact to those that Plaintiffs have already brought and there has been no showing that any of the original parties will be hurt by his intervention. Accordingly, Epps has met all the qualifications for intervention as a matter of right under Rule 24(a)(2).

**CONCLUSION**

Based on the foregoing, it is **RECOMMENDED** that Epps' Motion to Intervene be **GRANTED**.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have ten business days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c), General Order 02-13, S.D. Texas. Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Vanessa D. Gilmore, Room 9513, and to the chambers of the undersigned, Room 7007.

SIGNED at Houston, Texas, this 21st day of November, 2008.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**