IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHELBY STEWART<br>KENNETH PERKINS<br>ADRIAN WRIGHT, and<br>RAUL COLLINS,<br><br>        Plaintiffs,<br><br>v.<br><br>CITY OF HOUSTON, and<br>CITY OF HOUSTON CHIEF OF<br>POLICE HAROLD HURTT,<br><br>        Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. H-07-4021 |

## MEMORANDUM AND RECOMMENDATION ON
## MOTION TO INTERVENE BY CHARLES MICKENS

This matter was referred by United States District Judge Lee H. Rosenthal, for full pre-trial management, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket Entry #6). Charles Mickens has filed a motion to intervene as a matter of right under FED. R. CIV. PRO. 24(a)(2). (Charles Mickens' Motion to Intervene ["Mickens' Motion," the "motion to intervene"] at 1, Docket Entry #25). Defendants have filed a response in opposition, arguing that the motion is untimely. (Defendants' Response in Opposition to Charles Mickens' Motion to Intervene ["Defendants' Response"] at 1, Docket Entry # 26). To the extent that an intervention may be considered a dispositive issue, and after a review of the motions, the evidence provided, and the applicable law, it is **RECOMMENDED** that Mickens' motion be **GRANTED**.

## BACKGROUND

Plaintiffs, all of whom are African American police officers for the city of Houston, have brought claims under 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1983, and under state law for alleged racial discrimination by Defendants, the City of Houston and Chief of Police Harold Hurtt. (Plaintiffs' Second Amended Complaint and Jury Demand ["Second Amended Complaint"] at 2, Docket Entry #17). In this suit, Plaintiffs challenge an official policy which requires all police officers to be clean shaven. Plaintiffs argue that this policy has a disparate impact on them because of their race. (*Id.* at 3-4). They claim that, due to a shared medical condition that inhibits their ability to shave, this policy limits them to non-uniformed positions with little potential for career growth. (*Id.*). They seek individual damages and injunctive relief. (*Id.* at 14). In response to these allegations, Defendants contend that Plaintiffs have not stated actionable claims, and argue that any disparate impact is the result of legitimate, nondiscriminatory business reasons. (Defendants' Answer and Affirmative Defenses to Plaintiffs Second Amended Complaint ["Defendants' Answer"], Docket Entry #18).

Plaintiffs filed their first complaint against Defendants on November 27, 2007, and they have since amended it twice. (Docket Entry #1; Plaintiffs' First Amended Complaint and Jury Demand, Docket Entry #4; Second Amended Complaint). A "Scheduling and Docket Control Order" has been entered, with a March 20, 2009 deadline for all pretrial motions, including motions for summary judgment. (Scheduling and Docket Control Order, Docket Entry #16). The Docket Control Order also sets a discovery deadline of April 24, 2009. (*Id.*). This case is set for docket call on May 29, 2009. (*Id.*).

On January 9, 2009, more than one year after this case began, Mickens, another African American police officer, filed his motion to intervene in this litigation, as a matter of right, under Rule 24(a)(2) of the Federal Rules of Civil Procedure. (Mickens' Motion). The motion includes a Complaint in Intervention that adopts nearly identical language and raises the same claims, under §1981, and §1983, as those set out in Plaintiffs' Second Amended Complaint. (*Id.*). Mickens argues that he is entitled to intervene as a matter of right because his motion is timely, he has a substantial legal interest in the matter, his interest may be impaired without intervention, and his interest is not adequately protected by the current parties. (*Id.*). Defendants argue that the motion is untimely because it comes more than one year after he knew or should have known of his interest in this case. (Defendants' Response ¶4). Defendants also contend that Mickens' intervention would "substantially prejudice[] . . . their efforts to timely prepare and file a Motion for Summary Judgment." (*Id.* ¶5). After a review of the motions, the evidence provided, and the applicable law, it is **RECOMMENDED** that Mickens' motion be **GRANTED,** and that the approaching discovery and motion deadlines be extended..

**DISCUSSION**

Mickens' motion is governed by Rule 24(a)(2) by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 24(a)(2). (Mickens' motion ¶3). That rule states that

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Under Rule 24(a)(2), a party is entitled to intervene in a pending lawsuit if (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related

3

to the property or transaction that forms the basis of the controversy in the case in which he seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect his interest; and (4) the existing parties do not adequately represent the potential intervenor's interest. *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001). Intervention is intended to prevent multiple lawsuits if common questions of law or fact are involved. It is not, however, intended to allow entirely new lawsuits by intervenors. *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994). It is well established that an intervention should generally be granted if no one would be prejudiced and if greater justice would be achieved. *Ross v. Marshall*, 426 F.3d. 745, 753 (5th Cir. 2005).

The timeliness of a motion to intervene is a matter committed to the sound discretion of the trial court. *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1071 (5th Cir. 1970). "To determine whether a motion to intervene is timely, courts must consider the totality of the circumstances." *U.S. v. Covington County School Dist.*, 499 F.3d 464, 465 (5th Cir. 2007)(per curiam). Courts generally consider four factors: (1) the length of time the applicant knew or should have known of his interest in the case; (2) prejudice to existing parties caused by the applicant's delay; (3) prejudice to the applicant if his motion is denied; and (4) any unusual circumstances. *Id*. Further, courts should be more lenient if the would-be intervenor qualifies for intervention as a matter of right, than if he qualifies for permissive intervention only. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 266 (5th Cir. 1977). "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). It appears, then, that the most important consideration in determining timeliness is whether any existing party to the litigation will be harmed

4

or prejudiced by the proposed intervenor's delay in moving to make his claims. *McDonald*, 430 F.2d. at 1073. "This factor is concerned only with the prejudice caused by the applicants' delay, not that prejudice which may result if intervention is allowed." *Edwards v. City of Houston*, 78 F.3d 983, 1002 (5th Cir 1996).

Defendants contend that Mickens' motion is untimely because he knew or should have known about his interest in the case for more than one year. (Defendants' Response ¶¶4). Mickens has not advised the court about when he learned of his interest in the case, but Defendants correctly note that the disputed grooming policy was first implemented in 2005, and that Plaintiffs originally filed suit to challenge the policy in 2007. (Defendants' Answer ¶12). Defendants, however, do not provide any additional evidence to indicate when Mickens knew or reasonably should have known of his interest in this case. Nor have they alleged any unusual circumstances that weigh against intervention.

Defendants do contend that Mickens' delay in seeking intervention has prejudiced their ability to effectively complete discovery and prepare their motion for summary judgment within the court's deadlines. (Defendants' Response ¶¶5). These deadlines, however, have been extended to eliminate any potential prejudice. (March 5, 2009 Telephone Conference, Docket Entry #29). Dispositive motions are now due by April 24, 2009. (*Id.*). The joint pretrial order is due by August 21, 2009, and docket call is set for August 28, 2009. (*Id.*). It is important to emphasize, again, that the timeliness requirement is not meant to punish tardy intervenors, or create multiple lawsuits when common questions of law or fact are involved. *Deus*, 15 F.3d at 525; *Sierra Club*, 18 F.3d at 1205. Moreover, the timeliness requirement should be applied leniently in cases of intervention as a matter of right. *Stallworth*, 558 F.2d at 266. Here, the record is silent on when Mickens first became aware

of his interest in this litigation, but it does not appear that the original parties have been prejudiced by his delay. Based on the totality of the circumstances, and in the interest of greater justice and judicial efficiency, the court is persuaded that Mickens' motion to intervene is timely. *Covington*, 499 F.3d at 465; *Ross*, 426 F.3d. at 753.

A potential intervenor asserts a related interest if he has a direct, substantial, and legally protectable interest in the property or transaction that forms the basis of the underlying case. *John Doe No. 1 v. Glickman*, 256 F.3d 371, 379 (5th Cir. 2001). In examining this factor, the Fifth Circuit has warned against defining "property or transaction" too narrowly. *Ford*, 242 F.3d at 240. "[T]he interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process," *Espy*, 18 F.3d at 1207 (internal quotations and citations omitted). Here, Mickens raises the same claims to challenge the allegedly discriminatory grooming policy that Plaintiffs have identified in their Second Amended Complaint. (Mickens' Motion; Second Amended Complaint). As such, Mickens' interest is related to the transactions in controversy in the underlying suit.

Whether a would-be intervenor is able to protect his interests outside the underlying suit is likewise governed by a liberal, practical standard. *Edwards v. City of Houston*, 78 F.3d 983, 1005-1006 (5th Cir. 1996). The Fifth Circuit has held that the effect of a potentially adverse judgment constitutes a sufficient impairment to compel intervention under Rule 24 (a)(2). *Espy*, 18 F.3d at 1207. Again, Mickens' motion asserts the same injuries which arise out of the allegedly discriminatory actions that Plaintiffs complain of in this litigation. (Mickens' Motion; Second Amended Complaint). If Mickens' motion is denied, a ruling for Defendants could be relied upon to his detriment in an independent suit. For that reason, to deny an intervention in the present

litigation may, as a practical matter, impair or impede Mickens' interests. *See Sierra Club v. Glickman*, 82 F.3d 106, 109-110 (5th Cir. 1996).

Finally, a potential intervenor has the burden to prove that the existing parties do not adequately represent his interests. *Espy*, 18 F.3d at 1207. This burden, however, is "minimal." *Id.* "The potential intervenor need only show that the representation *may be* inadequate." *Id.* (emphasis added) (internal quotation omitted). Although Mickens hopes to raise similar claims, arising out of similar facts, he does so to secure his own damages. (Mickens' Motion at 2). This case is not a class action and Plaintiffs have filed suit to secure their own individual damages. (Second Amended Complaint at 12-13). The court is persuaded that Mickens' interest is not adequately represented by the current parties.

Although Mickens does not explain his delay in moving to intervene, Defendants have not shown that justice would be better served if Mickens were forced to pursue his claim in a separate suit. In sum, the court is satisfied that Mickens' motion was timely filed, that he has demonstrated that he has an interest substantially related to this case, that his ability to protect that interest will be impaired without intervention, and that his interest is not adequately represented by the original parties. His claims involve identical questions of law and fact to those that Plaintiffs have already brought and there has been no showing that any of the original parties will be hurt by his intervention. Accordingly, Mickens has met all the qualifications for intervention as a matter of right under Rule 24(a)(2).

## CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that Mickens' motion to intervene be **GRANTED**. Further, the court scheduling order should be amended to reflect the following deadlines:

- dispositive motions are due by April 24, 2009;
- the joint pretrial order is due by August 21, 2009; and,
- docket call is set for August 28, 2009.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have ten business days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c), General Order 02-13, S.D. Texas. Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Lee H. Rosenthal, Room 11535, and to the chambers of the undersigned, Room 7007.

SIGNED at Houston, Texas, this 6th day of March, 2009.

MARY MILLOY
UNITED STATES MAGISTRATE JUDGE