## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| SHELBY STEWART, *et al.,* | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-4021 |
| | § | |
| CITY OF HOUSTON and | § | |
| CITY OF HOUSTON CHIEF OF | § | |
| POLICE HAROLD HURTT, | § | |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
### ON MOTION TO INTERVENE BY CHARLES MICKENS

This court has reviewed the Memorandum and Recommendation of the United States

Magistrate Judge signed on March 6, 2009 and has made a *de novo* determination of the

Magistrate Judge's recommended disposition.   FED. R. CIV. P. 72(b); 28 U.S.C.

§ 636(b)(1)(C); *United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989).   This court finds that

the Memorandum and Recommendation should be, and is, adopted as this court's

Memorandum and Order.  The motion to intervene is granted.

This court notes that this is the second motion to intervene filed by a police officer who

wants to become an additional plaintiff in this case.  The earlier motion to intervene, filed by

Wilsey Epps, was also filed after the scheduling order deadline for adding parties and

amending claims.  The defendants did not oppose that motion on the basis that it sought to add

a plaintiff after the deadline to amend pleadings.  Instead, the opposition was based on Epps's

failure to file his motion within 90 days after he received a right-to-sue letter from the EEOC.

Epps filed his motion to intervene on September 26, 2008.  It was granted on

December 15, 2008.  On January 9, 2009, another would-be plaintiff, Charles Mickens, filed

a motion to intervene.  This time, the defendants' objection was that Mickens was essentially

seeking to add himself as a plaintiff and the motion was filed long after the deadline for

amending pleadings and seeking to join new parties.

Mickens did not file a motion to amend pleadings, but rather a motion to intervene

under Rule 24.  It is unclear that the motion is properly granted under Rule 24(a)(2), which

applies to intervention as of right.  If, as here, there is no statute giving an absolute right to

intervene, there are four requirements for intervention of right under Rule 24(a): (1)

timeliness, (2) an interest relating to the subject matter of the main action, (3) at least potential

impairment of that interest if the action is resolved without the intervenor, and (4) lack of

adequate representation by existing parties.  It is unclear that Mickens has met the

"impairment" requirement.  "Impairment exists when the decision of a legal question . . .

would, as a practical matter, foreclose the rights of the proposed intervenor in a subsequent

proceeding." *Shea v. Angulo*, 19 F.3d 343, 347 (7th Cir. 1994).  If the disposition of a suit

will not bar a proposed intervenor from asserting his or her rights in a separate action, the

"impairment" prong of Rule 24(a) typically is not met.  *See Shea*, 19 F.3d at 347.  Because

no class is sought in the present case, disposition of the suit will not bar (or even meaningfully

preclude) the proposed intervenor from pursuing his own rights in a separate action(s).  *See*

*In re Safeguard Scientifics*, 220 F.R.D. 43, 48-49 (E.D. Pa. 2004) (holding that impairment requirement was not met and denying motion to intervene as of right where no class was certified and the proposed intervenors therefore "remain[ed] free to assert their claims by filing individual civil actions against [the defendant].").  Even if the proposed intervenor was barred from bringing a separate action by a statute of limitations (or, as to his Title VII claims, for failure to timely file a charge), this would not be a sufficient impairment of interests within the meaning of Rule 24(a) because the harm would not be due to the disposition of this action. *See United States v. City of New York*, 198 F.3d 360, 366 (2d Cir.1999) ("[A]ny failure on their part to act within the applicable statutes of limitations does not sufficiently impair their interests to warrant intervention under Rule 24(a)(2); rather, the harm to their interests must be attributable to the court's disposition of the suit in which intervention is sought.") (citation omitted).

Permissive intervention under Rule 24(b) is discretionary.  Rule 24(b) provides, in pertinent part, that "[u]pon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." FED.R.CIV.P. 24(b).   In this case, there is a common question of law or fact.  The plaintiff and proposed intervenors allege a discriminatory policy of general application.  The intervention will not unduly delay or prejudice the other parties to this case, given the adjustment to the scheduling order.

Although this court is granting the motion to intervene, no further similar motions will be granted. The extension in the deadlines will allow the orderly and fair disposition of the claims. Further extensions, which would be required by further motions to intervene, will unduly delay the case and will prejudice the rights of not only the defendants but of the original plaintiffs.

The motion to intervene is granted.

SIGNED on March 24, 2009, at Houston, Texas.

Lee H. Rosenthal
United States District Judge