IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHELBY STEWART | § | |
| KENNETH PERKINS | § | |
| ADRIAN WRIGHT, and | § | |
| RAUL COLLINS | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | C.A. NO. 4:07-cv-04021 |
| | § | |
| CITY OF HOUSTON, and | § | |
| CITY OF HOUSTON CHIEF OF | § | |
| POLICE HAROLD HURTT, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' MOTION TO ASSESS ADDITIONAL COSTS AND LIMITED APPLICATION FOR ATTORNEYS' FEES

The City of Houston and Harold Hurtt, in his official and individual capacities (collectively "Defendants"), file this Motion to Assess Additional Costs and Limited Application for Attorneys' Fees as follows:

### Introduction

1. Defendants request that the Court order Plaintiffs to pay the costs associated with Plaintiffs' depositions of Defendants' expert witnesses. Defendants also ask that the Court order Plaintiffs to reimburse Defendants for their attorneys' fees incurred as a result of Plaintiffs' failure to pay the costs associated with deposing Defendants' expert witnesses.

2. Defendants designated two expert witnesses in this matter, Dr. Milton Moore and Robert Brennan. *See* Docket no. 27. Each expert witness produced a report

as required by the Federal Rules of Civil Procedure and the Court's Docket Control Order. *Id.*

2.   Plaintiffs' counsel requested the depositions of both of Defendants' expert witnesses by email. *See* Affidavit of Clay T. Grover attached as Exh. A at ¶ 5, Exh. A-1. Before agreeing to present its expert witnesses for deposition, counsel for Defendants advised Plaintiffs' counsel that, in accordance with the Federal Rules of Civil Procedure, Defendants would expect Plaintiffs to pay the reasonable costs and fees associated with taking the depositions of Defendants' expert witnesses. *See id.* By email, Plaintiffs' counsel agreed that Plaintiffs would, in fact, pay such charges. *See* Exh. A at ¶ 5, Exh. A-2.

3.   Mr. Brennan was deposed by Plaintiffs on April 8, 2009. Dr. Moore was deposed by Plaintiffs on April 15, 2009.

4.   Following the depositions of Defendants' expert witnesses, Defendants forwarded invoices for the depositions to Plaintiffs and requested that payment be made. *See* Exh. A at ¶¶ 6-7, Exh. A-4; A-5; A-6. Plaintiffs failed to pay the invoices. *See* Exh. A at ¶ 8. On May 29, 2009 and June 17, 2009, Defendants' counsel sent letters requesting payment and setting a payment deadline of 5 p.m. on June 29, 2009. *See* Exh. A at ¶¶ 6-7, Exh. A-4; A-5; A-6. Plaintiffs failed to pay the invoices at the time. *See* Exh. A at ¶ 8.

## Motion

4.   Federal Rule of Civil Procedure 26(b)(4)(c)(i) obligates a party seeking discovery from an opposing party's expert witness to "pay the expert a reasonable fee for

time spent in responding to discovery under Rule 26(b)(4)(A) or (B)." Fed. R. Civ. P. 26(b)(4)(c)(i).  Rule 26(b)(4)(A) is the provision allowing for the depositions of expert witnesses.  Fed. R. Civ. P. 26(b)(4)(A).  The party seeking the discovery will ordinarily pay the expert's fee for the time spent to prepare for, to travel to and from, and to attend the deposition.  *Rogers v. Penland*, 232 F.R.D. 581, 582-83 (E.D. Tex. 2005).

5. Moreover, in addition to the obligation imposed by the Federal Rules of Civil Procedure, Plaintiffs' counsel expressly agreed that his clients would pay the costs associated with deposing Defendants' expert witnesses.  *See* Exh. A-2.

6. Accordingly, Plaintiffs are obligated by the Federal Rules of Civil Procedure and their own agreement to pay the invoices attached as Exh. A-2.  Because Plaintiffs have failed to pay these invoices, Defendants move for an Order assessing these costs against Plaintiffs and compelling Plaintiffs to pay the attached invoices within ten (10) days of the date of the Court's Order granting this Motion.  Defendants also make a limited application for attorneys' fees and request that they be awarded $500 in reasonable and necessary attorneys' fees and costs incurred as result of the necessity of preparing this Motion.  *See* Exh A at ¶ 9.

## **Prayer**

7. Defendants pray that the Court grant this Motion to Assess Additional Costs and Limited Application for Attorneys' Fees, enter an Order compelling Plaintiffs to pay the attached invoices, enter an Order granting Defendants $500 in attorneys' fees and costs, and award Defendants any and all further relief at law or in equity to which they may be justly entitled.

Respectfully submitted,

FELDMAN, ROGERS, MORRIS & FELDMAN, LLP


/s/ Clay T. Grover
DAVID M. FELDMAN
ATTORNEY-IN-CHARGE
State Bar No. 06886700
Federal I.D. No. 2994
CLAY T. GROVER
State Bar No. 08550280
Federal I.D. No. 15064
JONATHAN G. BRUSH
State Bar No. 24045576
Federal I.D. No. 619970
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone:   (713) 960-6000
Facsimile:   (713) 960-6025

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for the Plaintiffs regarding this matter by way of the attached correspondence; however, we were unable to resolve this matter.


/s/ Clay T. Grover
Counsel for Defendants

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 23, 2009, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and notice was electronically provided to the following CM/ECF system participants.

Warren Fitzgerald, Jr.
6415 W. Montgomery
Houston, Texas 77091

Athill Muhammad
1000 The Houston Building
2323 Caroline Street
Houston, Texas 77004

                                             /s/ Clay T. Grover
                                             Counsel for Defendants